## H. J. SNOW *v.* THE STATE.

JURISDICTION — TRANSFER OF MISDEMEANOR CASES FROM THE COUNTY TO THE DISTRICT COURT BECAUSE OF DISQUALIFICATION OF THE COUNTY JUDGE — POWER AND DUTY OF A SPECIAL DISTRICT JUDGE IN SUCH A CASE.— When, because of the disqualification of a county judge to try a misdemeanor case, it is transferred to the District Court, the jurisdiction of the District Court attaches as amply as if it was original and exclusive; and if the district judge also is disqualified in the case, a special district judge must be chosen or appointed as provided by law, and his election or appointment be made matter of record, and, in the event of an appeal, be brought up in the transcript. The special district judge is empowered to try or dispose of the cause in the District Court, but has no authority to transfer it back to the County Court for trial, even though a new county judge, not disqualified in the case, has acceded to the bench of that court; and therefore such a retransfer to the County Court cannot invest it with jurisdiction over the cause. See the opinion *in extenso.*

APPEAL from the County Court of Kaufman. Tried below before the Hon. WILLIAM CHARLTON, County Judge.

A fine of twenty-five dollars was the penalty assessed by the jury against the appellant. The gravamen of the offense was the switching of a little boy who was trampling down his wheat-shocks. The opinion states the facts underlying the ruling.

*J. S. Woods*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J.   The indictment in this case, which was for a misdemeanor, to wit, an aggravated assault, was filed in the District Court on the 10th day of June, 1875. The case remained pending in that court until the 18th of April, 1877, when the court upon its own motion, not any longer having jurisdiction, under provisions of art. V, section 17 of the Constitution, and the act of 1876, p. 135 (Rev. Code Crim. Proc. art. 435), transferred the case for trial to the County Court.   In the County Court it appeared that the county judge was disqualified from trying the cause, he having been of counsel theretofore in the case; so that on motion the cause was re-transferred for trial to the District Court.   This action was based upon the provisions of section 11, art. V of the Constitution, as follows, viz.: "No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or party injured may be connected with him by consanguinity or affinity within the third degree."   Clark's Crim. Laws of Texas, art. 1389; Code Crim. Proc. art. 569.

"Any case pending in the County Court which the county judge may be disqualified to try shall be transferred to the District Court of the same county."   Code Crim. Proc. art. 573.

In the District Court it also appears that the Hon. Green J. Clark, judge of that court, was disqualified from trying the cause by reason of the fact that he had also been of counsel for the defendant, before his elevation to the bench.   The case, however, remained upon the docket of the District Court, without any further action being taken in it until the 24th day of June, 1881, when one

J. E. Dillard, signing himself as special judge, re-trans-ferred the case back to the County Court for the reason that the case, being a misdemeanor, was exclusively within the jurisdiction of the County Court, and that a new county judge was then presiding over the latter court who was not, as the former one had been, disquali-fied to try the cause.

In the County Court a motion in the nature of a plea to the jurisdiction was submitted upon the following amongst other grounds:

"1. Because the District Court has original jurisdiction of this cause.

"2. Because there is nothing in the record showing by what authority J. E. Dillard as special judge transferred this cause from the District Court.

"3. Because the record does not show how J. E. Dillard became special judge, nor does it show that he is now or was special judge."

Upon each of these grounds we think the motion was well taken and should have prevailed. Having been properly and legally re-transferred to the District Court, the jurisdiction of that court attached to the same extent as though the jurisdiction had been original or exclusive. If the district judge was disqualified also, the law pointed out the proper course of procedure, and under its pro-visions the parties or their counsel should have agreed upon an attorney of the court to preside as a special judge in the trial thereof. In case they failed to agree, the district judge should have certified the facts to the gov-ernor, who was required at once to appoint some practic-ing attorney, learned in the law, to try such case. Code Crim. Proc. arts. 750, 751.

If J. E. Dillard had been agreed upon as special judge, then he should have proceeded to try the case in the Dis-trict Court where the jurisdiction had rightfully attached under the law, and where it was subject under the law to

the same rules of procedure governing any other case within the jurisdiction of that tribunal.

Again, on the other ground the plea to the jurisdiction was well taken. " Under the express provisions of the Revised Statutes the proceedings incident to the election and qualification of a special judge must be made matters of record." Rev. Stat. art. 1141. And in *Brinkly* v. *Harkins*, 48 Texas, 235, it was held that when a case is tried before a special judge the record should show how he became special judge. *McMurry* v. *State*, 9 Texas Ct. App. 207. And so the record should show the authority of the special judge in any matter wherein he professes to have acted as such in a case.

Because the County Court had no jurisdiction, under the circumstances detailed, to try the case, the judgment will be reversed and the cause remanded that it may be tried in the District Court where it rightly belongs.

*Reversed and remanded.*